**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 21-4518

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAVAUGHN BERRY,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen Lipton Hollander, Senior District Judge.  (1:20-cr-00360-ELH-2)

_____

Submitted:  April 26, 2022                     Decided:  April 28, 2022

_____

Before AGEE and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed in part, dismissed in part by unpublished per curiam opinion.

_____

**ON BRIEF:** Steven H. Levin, ROSENBERG MARTIN GREENBERG LLP, Baltimore, Maryland, for Appellant.  Brandon Keith Moore, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Javaughn Berry pled guilty, pursuant to a written plea agreement, to Hobbs Act robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 1951(a). The district court sentenced Berry to 115 months' imprisonment. On appeal, Berry's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the validity of Berry's guilty plea and the reasonableness of his sentence. Although advised of his right to file a pro se supplemental brief, Berry has not done so. The Government has moved to dismiss the appeal based on the appellate waiver in Berry's plea agreement. We affirm in part and dismiss in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). Upon review of the record, including the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Berry knowingly and voluntarily waived his right to appeal his sentence and that the sentencing issue he raises on appeal falls squarely within the scope of the waiver. Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the waiver's scope.

The waiver provision, however, does not preclude our review of the validity of the guilty plea pursuant to *Anders*. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). We therefore deny in part the Government's motion to dismiss. Because Berry did

not seek to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016); *see United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (discussing plain error standard). Our review of the record leads us to conclude that Berry entered his guilty plea knowingly and voluntarily, that a factual basis supported the plea, and that his guilty plea is valid. *See United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of Berry's valid appellate waiver. We therefore dismiss the appeal as to all issues within the scope of the waiver and affirm the remainder of the district court's judgment. This court requires that counsel inform Berry, in writing, of the right to petition the Supreme Court of the United States for further review. If Berry requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Berry. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*